| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT |
|---|---|---|
| | )SS: | |
| COUNTY OF MARION | ) | CAUSE NO.: |

JOSEPH FORTE ) 
                      )
        Plaintiff, )
                      )
    vs. )
                      )
GENESYS )
                      )
        Defendant. )

## COMPLAINT FOR DAMAGES

Plaintiff, Joseph Forte (hereinafter "Forte"), by his counsel, and for his cause of action against Defendant, Genesys Telecom US, Inc. (hereinafter "Genesys" or "Defendant"), states as follows:

## I.    INTRODUCTION

1.    Forte brings this action against Genesys for violations of the Americans with Disabilities Act of 1990 ("ADA") as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. §§ 12101 to 12213 (collectively, the "ADA"). Forte brings this action to remedy discrimination in violation of the ADA for his claims of failure to accommodate, disparate treatment, and retaliation.

## II.    PARTIES

2.    At all relevant times, Forte resided in Indianapolis, Marion County, Indiana.

3.     At all relevant times, Genesys operated a business located at 7601 Interactive Way, Indianapolis, IN 46278 which is in Marion County, and has over 100 employees.

## III.   JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C.A. § 1331, 29 U.S.C.A. §201 *et seq.*

5.     Venue is proper in this Court pursuant to 28 U.S.C.A § 1391 because the unlawful conduct alleged herein was committed in the Southern District of Indiana.

## IV.   CONDITIONS PRECEDENT

6.      On January 10, 2020, Forte timely filed a Charge of disability discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC").

7.     On or about November 30, 2020, the EEOC issued Forte a Notice of Right to Sue. This Complaint has been filed within 90 days of receipt of that notice.

8.     Forte has fully complied with all prerequisites to jurisdiction in this Court under the ADA.

## V.   FACTUAL ALLEGATIONS

9.     Forte was an employee, as defined by the ADA.

10.     Upon information and belief, Genesys is an Indiana corporation headquartered in Indianapolis, Marion County, Indiana.

11.     Genesys is an employer as defined by the ADA.

12.     Forte began working for Genesys in 2014.

13.     During his tenure, Forte's work performance met or exceeded Genesys's legitimate expectations.

14.     Forte's reviews of his performance were consistently satisfactory or better.

15.     Forte initially served in the role of a Systems Engineer.

16.     On and after August 31, 2016, Forte served as a Senior Systems Engineer.

17.     Forte sought a promotion to Technical Lead.

18.     On or about February 25, 2019, Forte advised his supervisor, Anitha Nagaraj he believed he was an Autistic person.

19.     On or about March 6, 2019, Forte was denied the promotion to Technical Lead.

20.     On or about March 6, 2019, Forte's non-disabled coworker was granted the promotion to Technical Lead.

21.     In May 2019, Forte was officially diagnosed with Autism.

22.     Forte is a qualified individual with a disability under the ADA.

23.     As a result of Forte's autistic identity, major life activities, such as brain function, were substantially limited.

24.     Following his diagnosis, Forte informed his supervisor, Anitha Udupi Nagaraj about his autistic identity and his request for a reasonable accommodation, including modifications to his work assignments, temporary leaves of absence, and reassignment.

25.     Following his diagnosis, Forte informed his manager, Daniel Chen about his autistic identity and his request for a reasonable accommodation, including modifications to his work assignments, temporary leaves of absence, and reassignment.

26.     Following his diagnosis, Forte informed Human Resources representative, Michelle Roques about his autistic identity and his request for a reasonable accommodation, including modifications to his work assignments, temporary leaves of absence, and reassignment.

27.     Forte provided Genesys with a doctor's note to support his request for reasonable accommodations.

28.     Forte engaged Genesys in the interactive process by informing them of his disability and requesting reasonable accommodations to enable him to perform the essential functions of his position. For example, Forte requested to be removed from the Automatic Call Distributor queue.

29.     On October 23, 2020, Genesys terminated Forte's employment.

30.     Forte reapplied for employment with Genesys.

31.     Genesys failed to rehire Forte because of his Autism.

## *VI.    COUNT ONE*
## *FAILURE TO ACCOMMODATE*

32.     Forte repeats and realleges paragraphs 1 through 31 hereof, as if fully set forth herein.

33.     On or about February 25, 2019, Forte advised his supervisor, Anitha Nagaraj he was an Autistic person.

34.     In May 2019, Forte was diagnosed with Autism making him a disabled individual within the meaning of the ADA.

35.     Forte could perform the essential functions with his position with or without reasonable accommodations making him a qualified individual with a disability within the meaning of the ADA.

36.     Forte notified Genesys about his disability and requested reasonable accommodations.

37.     The interactive process broke down because of Genesys.

38.     Genesys failed to provide Forte reasonable accommodations.

39.     Genesys failed to reassign Forte to a new position.

40.     Genesys failed to remove Forte from the Automatic Call Distributor queue.

41.     Forte suffered damages as a result of Genesys's unlawful discriminatory actions, including emotional distress, past and future lost wages, and lost benefits as well as the costs of bringing this action.

42.     Genesys intentionally violated Forte's rights under the ADA with malice or reckless indifference, and, as a result, is liable for punitive damages.

## VII.    COUNT TWO
### DISABILITY DISCRIMINATION

43.     Forte repeats and realleges paragraphs 1 through  42 hereof, as if fully set forth herein.

44.     The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112.

45.     Autism generally constitutes a disability under the ADA and substantially limits brain function as noted in 29 U.S.C. § 1630.2(j)(3)(iii) ("autism substantially limits brain function.")

46.     Forte is an Autistic person.

47.     Genesys regarded Forte as having Autism.

48.     Forte was fully qualified for his position and could perform all the essential functions of his position with or without reasonable accommodations.

49.   Genesys is a covered employer under the ADA.

50.   Genesys failed to reassign Forte to a new position.

51.   Genesys failed to remove Forte from the Automatic Call Distributor queue.

52.   Genesys terminated Forte's employment because of his disability.

53.   Genesys terminated and disqualified Forte from employment because of his autistic identity.

54.   Forte reapplied for employment with Genesys.

55.   Genesys failed to rehire Forte because of his autistic identity, prior accommodation requests, and complaints of retaliation.

56.   Forte suffered damages as a result of Genesys's unlawful discriminatory actions, including emotional distress, past and future lost wages, and lost benefits as well as the costs of bringing this action.

57.   Genesys intentionally violated Forte's rights under the ADA with malice or reckless indifference, and, as a result, is liable for punitive damages.

## VIII.   COUNT THREE
### RETALIATION

58.   Forte repeats and realleges paragraphs 1 through 57 hereof, as if fully set forth herein.

59.   Forte was qualified for his position when Genesys fired him.

60.     Forte engaged in protected activity by complaining to his supervisor, manager, and Human Resources about Genesys's discriminatory treatment of him based on his autistic identity and requests for reasonable accommodations.

61.     Forte engaged in protected activity by filing a Charge of Discrimination about Genesys's discriminatory treatment of him based on his autistic identity and requests for reasonable accommodations.

62.     Genesys's alleged reason for denying his accommodation requests are pretextual and baseless. Genesys denied these request because Forte complained of disability discrimination, including Genesys's failure to accommodate him.

63.     Genesys's alleged reason for terminating his employment is pretextual and baseless. Genesys terminated Forte's employment because he complained of disability discrimination, including Genesys's failure to accommodate him.

64.     Genesys's alleged reason for not rehiring Forte is pretextual and baseless. Genesys failure to hire/rehire Forte is based on his earlier complaints of disability discrimination, including Genesys's failure to accommodate him.

65.     Forte suffered damages as a result of Genesys's unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

66.     Genesys intentionally violated Forte's rights under the ADA with malice or reckless indifference, and, as a result, is liable for punitive damages.

## IX.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.  Accept jurisdiction over this matter;

2.  Award Plaintiff for his past and future loss of wages and benefits, plus interest;

3.  Award Plaintiff compensatory and punitive damages;

4.  Order Defendant to reinstate Plaintiff to a position comparable to his former position or, in lieu of reinstatement, award him front pay (including benefits);

5.  Award to Plaintiff all costs and reasonable attorney's fees incurred in connection with this action; and

6.  Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## X.   JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Respectfully submitted

/s/ Aaron J. Williamson
Aaron J. Williamson, #32803-49
WILLIAMSON CIVIL LAW, LLC
8888 Keystone Crossing
Suite 1300
Indianapolis, IN 46240
Telephone: 317.434.0370
Facsimile: 765.204.7161
aaron.williamson@wcivillaw.com